IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PABLO HERNANDEZ GONZALES, § | | |
| TDCJ-CID NO. 1076456, § | | |
| Petitioner, § | | |
| § | | |
| § | | |
| v. § | | CIVIL ACTION NO. H-05-686 |
| § | | |
| NATHANIEL QUARTERMAN,[1] Director, § | | |
| Texas Department of Criminal § | | |
| Justice, Institutional Division, § | | |
| Respondent. § | | |

OPINION ON DISMISSAL

Petitioner Pablo Hernandez Gonzales, an inmate incarcerated in the Texas Department of Criminal Justice – Correctional Institutions Division ("TDCJ-CID"), has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his state court felony conviction. Respondent has filed a motion for summary judgment (Docket Entry No.19), but petitioner has not filed a response to the motion. For the reasons that follow, the Court will grant respondent's motion for summary judgment and dismiss the petition.

I.   PROCEDURAL HISTORY

A grand jury indicted petitioner for the murder of Pedro Gonzales, charging that petitioner stabbed Gonzales with a deadly weapon, namely, a knife. (Docket Entry No.17, Part 6, page 13). Petitioner entered a plea of *nolo contendere* to the charge in the 174th Criminal District Court of Harris County, Texas, in cause number 860426. (Docket Entry No.1). After reviewing petitioner's pre-sentence investigation report, the state district court accepted petitioner's plea, found sufficient

---

[1]   Petitioner named Douglas Dretke, Director of the Texas Department of Criminal Justice-Correctional Institutions Division (TDCJ-CID), as respondent. On June 1, 2006, Nathaniel Quarterman succeeded Dretke as Director; therefore, the Court ORDERS the Clerk to substitute Nathaniel Quarterman as respondent in this case.

evidence to support the charge, and sentenced him to twenty-five years confinement in TDCJ-CID. (Docket Entry No.17, Part 4, page 39; Part 5, page 2; Docket Entry No.1). Petitioner's conviction was subsequently affirmed on direct appeal on November 27, 2002. *Gonzales v. State*, No.14-02-00074-CR; 2002 WL 31662566 (Tex. App.–Houston [14th Dist.] 2002, no pet.). Petitioner did not file a petition for discretionary review with the Texas Court of Criminal Appeals (Docket Entry No.19, Exhibit A); instead, he sought collateral relief by a state habeas application. (Docket Entry No.17, Part 1, pages 9-17; *Ex parte Gonzales*, Application No.59,526-01 (Tex. Crim. App. 2004)). The Texas Court of Criminal Appeals denied the application without written order on the trial court's findings without a hearing. (*Id.*, page 3).

Petitioner seeks federal habeas relief on the following grounds:

1. The evidence is insufficient to support his conviction;

2. The evidence is insufficient to support a deadly weapon finding;

3. His trial counsel's representation was constitutionally ineffective because he failed to object to the interpreter;

4. His appellate counsel's representation was ineffective because counsel failed to properly brief all issues for an adequate review of his trial and conviction; and,

5. The state district court abused its discretion by giving petitioner no choice in his plea of no contest.

(Docket Entry No.1).

Respondent has filed a motion for summary judgment seeking dismissal of the petition on the grounds that the Court is procedurally barred from considering petitioner's sufficiency of the evidence claim and petitioner has not met his burden of proof under 28 U.S.C. § 2254(d) that would entitle him to federal habeas relief. (Docket Entry No.19).

II.     STANDARD OF REVIEW

In deciding a motion for summary judgment, a court must determine whether "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c).  The moving party bears the initial burden of informing the court of the basis of the motion and identifying the portions of the record demonstrating the absence of a genuine issue for trial.  *Taita Chem. Co. v. Westlake Styrene Corp.*, 246 F.3d 377, 385 (5th Cir. 2001); *Duckett v. City of Cedar Park, Tex.*, 950 F.2d 272, 276 (5th Cir. 1992).  Thereafter, "the burden shifts to the nonmoving party to show with 'significant probative evidence' that there exists a genuine issue of material fact." *Hamilton v. Seque Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000) (quoting *Conkling v. Turner*, 18 F.3d 1285, 1295 (5th Cir. 1994)).

Petitioner's federal habeas petition is subject to the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996). *Lindh v. Murphy*, 521 U.S. 320 (1997).  The AEDPA, codified as amended at  28 U.S.C. § 2254(d), "substantially restricts the scope of federal review of state criminal court proceedings." *Montoya v. Johnson*, 226 F.3d 399, 404 (5th Cir. 2000).  Specifically, the AEDPA has "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under the law." *Bell v. Cone*, 535 U.S. 685, 693 (2002).

The petitioner retains the burden to prove that he is entitled to habeas corpus relief. *Williams v. Taylor*, 529 U.S. 362 (2000).  In this case, petitioner presented claims in a state habeas corpus application, which the Texas Court of Criminal Appeals denied without written order.  As a matter of law, a denial of relief by the Court of Criminal Appeals serves as a denial of relief on the merits

3

of a claim. *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000) (citing *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997)). Therefore, only those claims properly raised by petitioner in a state application for habeas corpus relief have been adjudicated on the merits by the state courts.

Where a petitioner's claim has been adjudicated on the merits, section 2254(d) hold that this Court shall not grant relief unless the state court's adjudication:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1),(2); *Williams*, 529 U.S. at 411-13; *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). Courts are to review pure questions of law and mixed questions of law and fact under subsection (d)(1), and pure questions of fact under subsection (d)(2). *Martin v. Cain*, 246 F.3d 471, 475 (5th Cir. 2001).

"The standard is one of objective reasonableness." *Montoya*, 226 F.3d at 403-04 (quoting *Williams*, 529 U.S. at 412-13 (O'Connor, J., concurring)). Under this standard, a federal court's review is restricted to the reasonableness of the state court's "ultimate decision, not every jot of its reasoning." *Santellan v. Cockrell*, 271 F.3d 190, 193 (5th Cir. 2001) (citing *Cruz v. Miller*, 255 F.3d 77, 86 (2nd Cir. 2001) (noting that even where a state court makes a mistake in its analysis, "we are determining the reasonableness of the state court's 'decision,' . . . not grading their papers").

A decision is contrary to clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams*, 529 U.S. at 413. A decision is an unreasonable application of federal law "if the state court identifies the correct governing legal principle. . . but unreasonably applies that principle to the facts

of the prisoner's case." *Id.* To be unreasonable, the state decision must be more than merely incorrect. *Gardner v. Johnson*, 247 F.3d 551, 560 (5th Cir. 2001). A reversal is not required unless "the state court decision applies the correct legal rule to a given set of facts in a manner that is so patently incorrect as to be 'unreasonable.'" *Id.* Factual findings made by the state court in deciding a petitioner's claims are presumed correct, unless the petitioner rebuts those findings with "clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002), *overruled on other grounds by Tennard v. Dretke*, 542 U.S. 274 (2004).

While Rule 56 of the Federal Rules regarding summary judgment applies generally "with equal force in the context of habeas corpus cases," *Clark v. Johnson*, 202 F.3d 760, 764 (5th Cir. 2000), it applies only to the extent that it does not conflict with the habeas rules. *Smith*, 311 F.3d at 668 (citing Rule 11 of the Rules Governing Section 554 Cases in District Courts). Therefore, section 2254 (e)(1), which mandates that findings of fact made by a state court are presumed correct, overrides the ordinary rule that, in a summary judgment proceeding, all disputed facts must be construed in the light most favorable to the non-moving party. *Id.* Unless the petitioner can "rebut[] the presumption of correctness by clear and convincing evidence" as to the state court's findings of fact, those findings must be accepted as correct. *Id.*

Courts construe pleadings filed by *pro se* litigants under a less stringent standard than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519 (1972); *Bledsue v. Johnson*, 188 F.3d 250, 255 (5th Cir. 1999). Thus, *pro se* pleadings are entitled to a liberal construction that includes all reasonable inferences that can be drawn from them. *Haines*, 404 U.S. at 521. Nevertheless, "the notice afforded by the Rules of Civil Procedure and the local rules" is considered "sufficient" to advise a *pro se* party of his burden in opposing a summary judgment motion. *Martin v. Harrison County Jail*, 975 F.2d 192, 193 (5th Cir. 1992).

5

III.    ANALYSIS

A.     Involuntary Plea

Petitioner contends that the state district court abused its discretion by giving him no choice in his plea of no contest.[2] (Docket Entry No.1). Under Texas law, a plea of *nolo contendere* has the same legal effect as a guilty plea. TEX. CODE CRIM. PROC. art. 27.02(5) (Vernon 1989). A plea of *nolo contendere* is treated as an admission of guilt and the law applicable to a guilty plea is also applicable to a plea of *nolo contendere*. *Carter v. Collins*, 918 F.2d 1198, 1200 n. 1 (5th Cir. 1990).

The test for determining a guilty plea's validity is "whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *North Carolina v. Alford*, 400 U.S. 25, 31 (1970). A court assessing the validity of a plea must look to "all of the relevant circumstances surrounding it and consider such factors as whether there is evidence of factual guilt. *Matthew v. Johnson*, 201 F.3d 353, 364-65 (5th Cir. 2000).

The record reflects that petitioner made a voluntary and intelligent choice to enter a plea of *nolo contendere* without an agreed recommendation of punishment[3] because he wanted to be considered for deferred adjudication probation.[4] (Docket Entry No.17, Part 4, page 29). The pre-sentence investigation report reflects that petitioner chose to enter such a plea because he supported a family in Guatemala through income earned in the United States on a worker's permit and he was having a house built for his family in Guatemala. (*Id.*, Part 7, page 30). Petitioner indicated in his

---

[2]  The state habeas court did not enter a specific finding with respect to this claim but found that petitioner failed to demonstrate that his conviction was improperly obtained. (Docket Entry No.17, Part 2, page 30).

[3]  Petitioner entered the plea without an agreed recommendation as to punishment because petitioner, his trial counsel, and the prosecutor could not agree on a punishment to recommend to the state district court. (Docket Entry No.17, Part 4, page 28).

[4]  *See* TEX. CODE CRIM. PROC. ANN. Art. 42.12, § 5(a) (Vernon Supp. 2006).

6

statement to investigators in the pre-sentence report that the state district court should give him probation because he did not intend to hurt complainant and "he wants to help provide for his family and have his house built." (*Id.*, page 33). The state district court questioned petitioner about his understanding of deferred adjudication probation and cautioned him about the disadvantages. (Docket Entry No.17, Part 4, pages 29-30). The state district court also admonished petitioner that it was not making any promises or commitments by accepting the plea but would conduct a pre-sentence investigation. (*Id.*, page 30). After petitioner indicated that he understood the consequences of his plea and the other admonishments, the state district court found petitioner competent and that he entered his no-contest plea freely and voluntarily. (*Id.*, page 31).

Based on the record of the plea hearing, sentencing, pre-sentence report, and petitioner's stipulations to the allegations in the indictment and to the State's evidence, the Court finds that petitioner's plea of *nolo contendere* was a voluntary, intelligent, and intentional choice among other alternative pleas. Petitioner fails to show his entitlement to federal habeas relief on this ground.

B.      Ineffective Assistance of Counsel

1.      Trial Counsel

The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to effective assistance of counsel. U.S. CONST. amend. VI. A federal habeas corpus petitioner's claim that he was denied effective assistance of trial counsel is measured by the standard set out in *Strickland v. Washington*, 466 U.S. 668 (1984). To prevail on an ineffective assistance of counsel claim, petitioner must establish that his counsel's performance was deficient and that the deficiency prejudiced his defense. *Ogan v. Cockrell*, 297 F.3d 349, 360 (5th Cir. 2002) (citing *Strickland*, 466 U.S. at 692). The failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim. *Green v. Johnson*, 160 F.3d 1029, 1035 (5th Cir. 1998).

Counsel's performance is deficient when the representation falls below an objective standard of reasonableness. *Ogan*, 297 F.3d at 360. Judicial scrutiny of counsel's performance must be "highly deferential," indulging in a "strong presumption" that "trial counsel rendered adequate assistance and that the challenged conduct was the product of a reasoned trial strategy." *West v. Johnson*, 92 F.3d 1385, 1400 (5th Cir. 1996). To overcome this presumption, a petitioner "must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Wilkerson v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1993). "'In the absence of a specific showing of how these alleged errors and omissions were constitutionally deficient, and how they prejudiced his right to a fair trial, [the Court can find] no merit to these [claims].'" *Id.* quoting *Barnard v. Collins*, 958 F.2d 634, 642 (5th Cir.1992).

Mere "error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Strickland*, 466 U.S. at 687-90. A deficiency in counsel's performance, standing alone, does not equal ineffective assistance of counsel if no actual prejudice is demonstrated. *Id.* Counsel's deficient performance results in actual prejudice when a reasonable probability exists "that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* Confidence in the outcome of the trial is undermined when counsel's deficient performance renders "the result of the trial unreliable or the proceeding fundamentally unfair." *Pratt v. Cain*, 142 F.3d 226, 232 (5th Cir. 1998) (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993)). "Unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him." *Pratt*, 142 F.3d at 232 (quoting *Lockhart*, 506 U.S. at 372).

8

A claim of ineffective assistance of counsel presents a mixed question of law and fact. *Valdez v. Cockrell*, 274 F.3d 941, 946 (5th Cir. 2001). Because petitioner's ineffective-assistance claims were previously considered and rejected on state habeas corpus review, the state court's decision on those claims will be overturned only if it is "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

Petitioner claims that he was denied the effective assistance of counsel at trial because his trial counsel failed to object to the lack of an interpreter. (Docket Entry No.1). The state district court, sitting as a habeas court, found that the totality of the representation afforded petitioner "was sufficient to protect his right to reasonably effective assistance of counsel in trial and on direct appeal" and that he was afforded an interpreter during his plea and sentencing. (Docket Entry No.17, Part 2, page 30). The record shows that an interpreter was present when petitioner signed the written admonishments. (Docket Entry No.17, Part 2, page 18). The record, however, does not reflect the presence of an interpreter during the trial proceedings; nor does it reflect that petitioner objected to the absence of an interpreter at trial. (*Id.*; Part 4, pages 27-32; Part 5, pages 2-39). Petitioner presents nothing to overcome the state habeas court's finding and nothing to show that the state court's decision on this ineffective assistance claim was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States. Accordingly, respondent is entitled to summary judgment on this ground.

2.     <u>Appellate Counsel</u>

An accused is constitutionally entitled to effective assistance of counsel on direct appeal as a matter of right. *Evitts v. Lucey*, 469 U.S. 387 (1985). Claims of ineffective assistance of counsel are determined by the same standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984).

9

Petitioner contends his appellate counsel's representation was ineffective because counsel failed to properly brief all issues for an adequate review of his trial and conviction, *i.e.*, petitioner was guilty of a lesser-included offense and the evidence was insufficient to show that he stabbed complainant with a deadly weapon. (Docket Entry No.1). Because an appellate counsel is not required to raise every non-frivolous claim on appeal, but may select from among them in order to maximize the likelihood of success on appeal, it is difficult to demonstrate the incompetency of counsel when a brief on the merits is filed. *Smith v. Robbins*, 528 U.S. 259, 288 (2000). The presumption of competency is overcome "'only when ignored issues are clearly stronger than those presented.'" *Id.* (quoting *Gray v. Greer*, 800 F.2d 644, 646 (7th Cir. 1986)). Petitioner must also demonstrate prejudice, that is, he must show a reasonable probability that, but for his counsel's failure to file claims on the ignored issues, he would have prevailed on his appeal. *Id.* at 286.

When a defendant pleads *nolo contendere* in Texas, the State must introduce sufficient evidence to support the plea and show the defendant is guilty. TEX. CODE CRIM. PROC. ANN. art. 1.15 (Vernon 2005).[5] Under state law, the evidence is sufficient to support a *nolo contendere* plea if a stipulation to the evidence embraces every essential element of the offense charged. *Stone v. State*, 919 S.W.2d 424, 427 (Tex. Crim. App. 1996).

In Texas, a person commits murder if he intentionally or knowingly causes the death of an individual. TEX. PEN. CODE ANN. § 19.02 (Vernon 2003). The intent to commit murder may be proved by showing the use of a deadly weapon. *Thompson v. State*, 521 S.W.2d 621, 622 (Tex. Crim. App. 1974). "[I]n the absence of other evidence, the intent to kill may be presumed from the use of a weapon deadly per se." *Id.* A defendant may rebut this presumption by other evidence. *Id.*

---

[5] The United States Constitution, however, does not require any evidentiary support for a conviction in which a guilty plea is entered. *Boykin v. Alabama*, 395 U.S. 238, 242 (1969). Having entered a plea of *nolo contendere*, petitioner waived his right to challenge the sufficiency of the evidence to support his conviction. *See e.g. Kelly v. Alabama*, 636 F.2d 1082, 1083 (5th Cir. 1981).

"If there is testimony from Any source raising the issue of lack of intent to kill, the accused is entitled to have the jury instructed on the law of aggravated assault." *Id.* (emphasis in original).

Here, petitioner entered a plea of *nolo contendere* to a charge of murder with the intent to cause complainant's death by stabbing complainant with a deadly weapon, namely a knife. (Docket Entry No.17, Part 6, page 7). Although petitioner claims he did not "agree to stipulate evidence to the plea of no contest as found in the indictment" (Docket Entry No.1), the record reflects that petitioner signed a stipulation that the allegations in the indictment were true. (Docket Entry No.17, Part 2, pages 7-8). Petitioner also acknowledged in open court that he "was stipulating that if the State were allowed to call witnesses, those witnesses would testify that [he] committed th[e] offense." (*Id.*, Part 4, page 32). Although the state district court heard testimony that petitioner was intoxicated and acted carelessly, and not intentionally when he stabbed complainant, the state district court also considered the pre-sentence investigation report which showed that petitioner retrieved a knife from the apartment of his kitchen after complainant punched him in the mouth, followed complainant with the knife, and stabbed him as they ran. (*Id.*; Part 7, page 29).

Arguably, in light of testimony that he was careless and drunk, petitioner might have been entitled to have a jury instructed on a lesser-included offense of murder. He was not so entitled in this case because he entered a plea, stipulated to the allegations in the indictment and the State's evidence, and waived a jury trial.

Petitioner fails to show that issues regarding the sufficiency evidence and a lesser-included offense instruction are clearly stronger that the issue presented on appeal. He also fails to show that he would have prevailed on appeal had his appellate counsel raised these issues. Accordingly, petitioner fails to show that his appellate counsel rendered ineffective assistance.

C.      Sufficiency of the Evidence

11

Petitioner next contends that his stipulations to the allegations in the indictment and the State's evidence do not support a murder conviction. (Docket Entry No.1). Petitioner also contends the State was not authorized to find that he exhibited a deadly weapon, *i.e.*, a knife; therefore, the evidence is insufficient to support a conviction for murder. Respondent moves for summary judgment on petitioner's challenges to the sufficiency of the evidence on the ground that the sufficiency claims are procedurally barred. (Docket Entry No.19, Part 1, page 3).

On habeas review, a federal court may not consider a state inmate's claim if the state court based its rejection of that claim on an independent and adequate state ground. *Martin v. Maxey*, 98 F.3d 844, 847 (5th Cir. 1996). Under Texas law, a challenge to the sufficiency of the evidence can only be raised on direct appeal, not in a state habeas corpus proceeding. *West v. Johnson*, 92 F.3d 1385, 1398 n.18 (5th Cir. 1996); *Ex parte McLain*, 869 S.W.2d 349, 350 (Tex. Crim. App. 1994). Such a claim is not cognizable in a post-conviction, collateral attack. *West*, 92 F.3d at 1398 n. 18; *McLain*, 869 S.W.2d at 350. Failure to raise a sufficiency of the evidence claim on direct appeal constitutes a procedural default under state law. *Renz v. Scott*, 28 F.3d 431, 432 (5th Cir. 1994).

Federal review of a claim is procedurally barred if the last state court to consider the claim clearly based its denial of relief on procedural default. *Ylst v. Nunnemaker*, 501 U.S. 797, 802-04, (1991). In this case, the state habeas court relied upon the holding in *Ex parte Christian*, 760 S.W.2d 659,660 (Tex. Crim. App. 1988), and recommended that state habeas relief be denied because "[c]hallenges to the sufficiency of the evidence supporting his conviction need not be considered since these claims are not cognizable on habeas." (Docket Entry No.17, Part 2, page 30; *Ex parte Gonzales*, No.860426-A at 62). This finding by the state habeas court is the last reasoned opinion to rest its judgment on the procedural default. Accordingly, petitioner's sufficiency-of-the-evidence

12

claims are barred under the doctrine of procedural default unless petitioner can show that he fits within an exception to that rule.

"In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). "This doctrine ensures that federal courts give proper respect to state procedural rules." *Glover v. Cain*, 128 F.3d 900, 902 (5th Cir. 1997). "[T]he existence of cause for procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Coleman,* 501 U.S. at 753. "Examples of external impediments include active government interference or the reasonable unavailability of the factual or legal basis for the claim." *Rodriguez v. Johnson*, 104 F.3d 694, 697 (5th Cir. 1997). Actual prejudice requires a showing that, based on the success of the underlying defaulted claim, the result of the proceeding would somehow have been different. *Barrientes v. Johnson*, 221 F.3d 741, 769 (5th Cir. 2000).

Ineffective assistance of counsel may, in some circumstances, constitute cause for a procedural default. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000). "Not just any deficiency will do, however; the assistance must have been so ineffective as to violate the Federal Constitution." *Id.* "In other words, ineffective assistance adequate to establish cause for the procedural default of some *other* constitutional claim is itself an independent constitutional claim." *Id.* (emphasis in original).

The Court has considered petitioner's claims of ineffective assistance of appellate counsel and concluded that he has no valid claim concerning appellate counsel's failure to challenge the sufficiency of the evidence on appeal. Absent an independent claim for ineffective assistance of counsel, petitioner has failed to demonstrate cause for his procedural default. Moreover, petitioner has not presented any evidence to show that he is actually innocent or that he otherwise fits within the fundamental miscarriage of justice exception. Petitioner has been given notice through respondent's motion for summary judgment that the Court would consider a dismissal of claims under the procedural default doctrine and has been given an opportunity to respond with any argument he may have opposing dismissal in a response to the motion for summary judgment. *See Magouirk v. Phillips*, 144 F.3d 348, 359 (5th Cir. 1998). Petitioner did not file a response to the motion for summary judgment and his pleadings fail to demonstrate cause for his procedural default. Accordingly, his claim that the evidence is insufficient to support his conviction is barred. Respondent's motion for summary judgment on this claim will be granted.

IV.     CERTIFICATE OF APPEALABILITY

A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations and citations omitted). Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001). On the other hand, when denial of relief is based on procedural grounds, the petitioner must not only show

that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Beazley*, 242 F.3d at 263 (quoting *Slack*, 529 U.S. at 484); *see also Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000). A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). The Court has determined that petitioner has not made a substantial showing of the denial of a constitutional right; therefore, a certificate of appealability from this decision will not issue.

IV. CONCLUSION

Accordingly, the Court ORDERS the following:

1. Respondent's motion for summary judgment (Docket Entry No.19) is GRANTED.

2. Petitioner's petition for a writ of habeas corpus under 28 U.S.C. § 2254 is DENIED.

3. This cause of action is DISMISSED with prejudice.

4. A certificate of appealability is DENIED.

5. All pending motions, if any, are DENIED.

SIGNED at Houston, Texas this 5th day of December, 2006.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE